IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMMITT REED JONES, | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE NO: 1:06-CV-044-WHA |
| | ) | |
| SHERIFF GRED WARD, et al., | ) | |
|     DEFENDANTS. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Come now, Chief Gary Weeks and Tracy Weeks, by and through their attorney, and for their Answer to the Plaintiff's Complaint, herein, state as follows:

1. The Defendants deny the material allegations as set forth in Section I. of Plaintiff's Complaint, and demand strict proof thereof.

2. The Defendants deny the material allegations as set forth in Section II. of Plaintiff's Complaint, and demand strict proof thereof.

3. The Defendants deny the material allegations as set forth in Section III. of Plaintiff's Complaint, and demand strict proof thereof.

4. The Defendants deny the material allegations as set forth in Section IV. of Plaintiff's Complaint, and demand strict proof thereof.

5. The Defendants deny the material allegations as set forth in Section V. of Plaintiff's Complaint, and demand strict proof thereof.

6. The Defendants deny the material allegations as set forth in Section VI. of Plaintiff's Complaint, and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The defendants plead the doctrine of immunity as a defense.

2. The defendants plead the doctrine of qualified immunity as a defense.

3. The defendants plead the doctrine of discretionary function immunity as a defense.

4. The defendants plead the doctrine of substantive immunity as a defense.

5. The defendants plead the doctrine of common law immunity as a defense.

6. The defendants plead the doctrine of privilege as a defense.

7. The defendants plead the doctrine of estoppel as a defense.

8. The defendants deny the material allegations of the Complaint and demand strict proof thereof.

9. The defendants say they are not guilty of the matters complained of.

10. The defendants say the allegations of the plaintiff's complaint are untrue.

11. The complaint fails to state a claim upon which punitive damages may be awarded.

12. Any award of punitive damages in this case will violate the constitutional safeguards provided under the Constitution of the United States of America.

13. The award of discretionary, compensatory damages for mental suffering violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States.

14. The defendants plead failure to mitigate damages.

15. The defendants plead the Plaintiff's claims are barred by his own misconduct.

16. The defendants plead res judicata as a defense.

17. The defendants plead collateral estoppel as a defense.

18. The defendants plead judicial estoppel as a defense.

19. The defendants plead privilege as a defense.

20. The defendants plead justification as a defense.

21. To the extent the complaint may be seen as "in actuality [a suit] directly against the city that the officer represents," the allegations of the complaint do not constitute a custom and practice of the City of Samson.

22. To the extent the complaint may be seen as "in actuality [a suit] directly against the city that the officer represents," the plaintiff has failed to allege or establish that the City of Samson was on notice of any probable violation and has failed to establish that any failure to take corrective action amounted to deliberate indifference.

23. The defendants affirmatively state that they acted in good faith.

24. The defendants plead the affirmative defense of the plaintiff's lack of good faith.

25. The defendants affirmatively state that the plaintiff has failed to state a claim for which relief can be granted.

26. The defendants affirmatively state that the "heightened pleading" requirement for §1983 claims has not been met.

27. The defendants plead the affirmative defense of absolute immunity.

28. The defendants plead the affirmative defense of judicial immunity.

29. The defendants affirmatively state that plaintiff's claim should be dismissed for want of prosecution and for failure to obey the Courts order that he be interviewed.

30. Plaintiff's claims are barred by the Prison Litigation Reform Act because he has failed to exhaust available administrative remedies and because he has not suffered an injury that is greater than de minimus.

31. Plaintiff fails to allege any affirmative casual link between the alleged acts of these Defendants and any alleged constitutional deprivation of these Defendants' direct participation in any alleged constitutional violation.

32. These Defendants are not liable based upon *respondeat superior* theories of liability.

33. The Plaintiff cannot prove a violation of his rights under the Eighth or Fourteenth Amendments to the United States Constitution.

34. These Defendants were not deliberately indifferent in any respect.

35. Plaintiff's claims for injunctive relief are moot.

36. These Defendants are entitled to quasi-judicial immunity.

37. These Defendants reserve the right to add additional defenses upon a complete investigation of Plaintiff's claims, completion of any discovery allowed, and if any further pleading is required or allowed by the Court.

38. The defendants incorporate by reference the Defendants' Written Report Pursuant to the Court's Order of September 30, 2005 and all defenses contained therein.

Respectfully submitted this the 5th day of April, 2006.

      /s/ R. Todd Derrick
Steadman S. Shealy, Jr. (SHE023)
R. Todd Derrick (DER006)
Attorneys for the Defendants

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302-6346
Telephone (334) 677-3000
Fax (334) 677-0030

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

C. Richard Hill, Jr., Esquire
Webb & Eley
Post Office Box 240909
Montgomery, Alabama 36124
(334) 262-1850

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/EFC participant:

Emmitt Reed Jones
Geneva County Jail
Post Office Box 115
Geneva, Alabama 36340
(334) 684-5670

This the 5th day of April, 2006.

/s/ R. Todd Derrick
R. Todd Derrick