IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

EMMITT REED JONES,          )
     PLAINTIFF,          )
                          )
vs.                       )     CASE NO:  1:06-CV-044-WHA
                          )
SHERIFF GRED WARD, et al.,     )
     DEFENDANTS.       )

## DEFENDANTS', CHIEF OF POLICE GARY WEEKS AND
## TRACY WISE, WRITTEN REPORT PURSUANT TO THE COURT'S ORDER

Come now, Defendants, Police Chief Gary Weeks and Tracy Wise, by and through their attorney, and offer the following written report pursuant to this Court's Order.

### STATEMENT REGARDING PLAINTIFF'S NON-COMPLIANCE
### WITH PARAGRAPH 6(h) OF ORDER DATED JANUARY 23, 2006

Paragraph 6(h) of this Honorable Court's Order dated January 23, 2006 states that "If Plaintiff moves to a different institution or is released, he must immediately inform the Court and the Defendants of his new address…"

The Plaintiff was released on January 3, 2006 and failed to notify the Defendants or the Court of his new address.

### STATEMENT OF ASCERTAINED FACTS AND CIRCUMSTANCES

Tracy Wise is the Magistrate and Town Clerk for the Town of Samson.

Gary Weeks is the Chief of Police for the Town of Samson.

Greg Ward is the Sheriff for Geneva County.  Sheriff Ward is represented by separate counsel.

Mr. Emmitt Reed Jones claims, among other things, that he was "imprisoned 3 times on the same charge." (Ground One of Complaint)  This is not true. Mr. Jones was convicted for the offense of possession of drug paraphernalia and for the offense of criminal trespass 3rd degree.  As a result of both of these offenses, he was ordered to pay "fines, costs and/or restitution."

He failed to do this and on December 29, 2005, two Capias Warrants were issued for his arrest, and he was arrested.

On January 3, 2006 an Appearance Bond was issued, and he was released.  He did not provide a new address at that time.  He has not provided an address to this date.  On March 3, 2006, he failed to appear as he was ordered to do in the Appearance Bond.

The City of Samson has an agreement with Geneva County in which Samson inmates are housed in the Geneva County jail.  The City of Samson pays Geneva County $10 per day per inmate.

Ms. Wise, Chief Weeks, and the City of Samson deny causing Mr. Jones to sleep on the floor of the Geneva County jail. (Ground Two of Complaint)  Ms. Wise, Chief Weeks, and the City of Samson have no knowledge of Mr. Jones' claim regarding the shower drains.  Neither Ms. Wise, Chief Weeks nor the City of Samson have anything to do with the maintenance of the shower drains at the Geneva County jail. (Affidavit of Tracy Wise and Affidavit of Gary Weeks)

Defendants, Tracy Wise and Gary Weeks, incorporate by reference the Special Report of Greg Ward.

Attached to this report are pharmacy records which show that Mr. Jones received medical treatment despite his claims to the contrary.

---

**DEFENDANTS', CHIEF OF POLICE GARY WEEKS AND**
**TRACY WISE, WRITTEN REPORT PURSUANT TO THE COURT'S ORDER**
**PAGE 2**

## CONSIDERATION OF WHETHER ANY ACTION
## SHOULD BE TAKEN BY PRISON OFFICIALS
## TO RESOLVE THE SUBJECT MATTER OF THE COMPLAINT

The Defendants, Gary Weeks and Tracy Wise, do not believe any action is necessary on the part of any prison/jail officials.

As stated above, Mr. Jones is no longer in jail. His location is currently unknown.

## CONSIDERATION OF WHETHER OTHER SIMILAR
## COMPLAINTS SHOULD BE CONSIDERED TOGETHER

The Defendants, Gary Weeks and Tracy Wise, are unaware of any other pending complaints that should be considered along with this complaint.

## DEFENSES

The plaintiff' claim may give rise to the following defenses:

1.    The defendants plead the doctrine of immunity as a defense.

2.    The defendants plead the doctrine of qualified immunity as a defense.

3.    The defendants plead the doctrine of discretionary function immunity as a defense.

4.    The defendants plead the doctrine of substantive immunity as a defense.

5.    The defendants plead the doctrine of common law immunity as a defense.

6.    The defendants plead the doctrine of privilege as a defense.

7.    The defendants plead the doctrine of estoppel as a defense.

8.    The defendants deny the material allegations of the Complaint and demand strict proof thereof.

9.    The defendants say they are not guilty of the matters complained of.

10.   The defendants say the allegations of the plaintiff's complaint are untrue.

11. The complaint fails to state a claim upon which punitive damages may be awarded.

12. Any award of punitive damages in this case will violate the constitutional safeguards provided under the Constitution of the United States of America.

13. The award of discretionary, compensatory damages for mental suffering violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States.

14. The defendants plead failure to mitigate damages.

15. The defendants plead the Plaintiff's claims are barred by his own misconduct.

16. The defendants plead res judicata as a defense.

17. The defendants plead collateral estoppel as a defense.

18. The defendants plead judicial estoppel as a defense.

19. The defendants plead privilege as a defense.

20. The defendants plead justification as a defense.

21. To the extent the complaint may be seen as "in actuality [a suit] directly against the city that the officer represents," the allegations of the complaint do not constitute a custom and practice of the City of Samson.

22. To the extent the complaint may be seen as "in actuality [a suit] directly against the city that the officer represents," the plaintiff has failed to allege or establish that the City of Samson was on notice of any probable violation and has failed to establish that any failure to take corrective action amounted to deliberate indifference.

23. The defendants affirmatively state that they acted in good faith.

24.    The defendants plead the affirmative defense of the plaintiff's lack of good faith.

25.    The defendants affirmatively state that the plaintiff has failed to state a claim for which relief can be granted.

26.    The defendants affirmatively state that the "heightened pleading" requirement for §1983 claims has not been met.

27.    The defendants plead the affirmative defense of absolute immunity.

28.    The defendants plead the affirmative defense of judicial immunity.

29.    The defendants affirmatively state that plaintiff's claim should be dismissed for want of prosecution and for failure to obey the Courts order that he be interviewed.

30.    Plaintiff's claims are barred by the Prison Litigation Reform Act because he has failed to exhaust available administrative remedies and because he has not suffered an injury that is greater than de minimus.

31.    Plaintiff fails to allege any affirmative casual link between the alleged acts of these Defendants and any alleged constitutional deprivation of these Defendants' direct participation in any alleged constitutional violation.

32.    These Defendants are not liable based upon *respondeat superior* theories of liability.

33.    The Plaintiff cannot prove a violation of his rights under the Eighth or Fourteenth Amendments to the United States Constitution.

34.    These Defendants were not deliberately indifferent in any respect.

35.    Plaintiff's claims for injunctive relief are moot.

36.    These Defendants are entitled to quasi-judicial immunity.

37.    These Defendants reserve the right to add additional defenses upon a complete investigation of Plaintiff's claims, completion of any discovery allowed, and if any further pleading is required or allowed by the Court.

38.    The defendants incorporate by reference the Defendants' Written Report Pursuant to the Court's Order of September 30, 2005 and all defenses contained therein.

### STATEMENT REGARDING INTERVIEW OF PLAINTIFF

Attempts to interview Plaintiff failed because he did not provide a forwarding address when he was released from jail.

### PLAINTIFF'S STATUS DURING INCARERATION

At the time Mr. Jones filed his complaint, he was a pretrial detainee. He was released on an appearance bond but did not show up for his hearing set on March 3, 2006.

### ATTACHMENTS

Attached to this report are the following:

1.    Affidavit of Tracy Wise which contains true and accurate copies of the following:

    A.    Capias Warrant for failure to pay associated with conviction for possession of drug paraphernalia; Case No: MC05-0000155.

    (Attachment A, 2 pages)

    B.    Capias Warrant for failure to pay associated with conviction for criminal trespass 3rd degree; Case No: MC04-0000036.

    (Attachment B, 2 pages)

        C.     Appearance Bond dated January 3, 2006.  (Attachment C)

2.     Affidavit of Gary Weeks.

3.     Pharmacy records showing Plaintiff did in fact receive medical treatment.

In accordance with this Court's Order, an answer is being filed contemporaneously herewith.

Respectfully submitted this the 5th day of April, 2006.

                                /s/ R. Todd Derrick
                                Steadman S. Shealy, Jr. (SHE023)
                                R. Todd Derrick (DER006)
                                Attorneys for the Defendants

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama  36302-6346
Telephone (334) 677-3000
Fax (334) 677-0030

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

C. Richard Hill, Jr., Esquire
Webb & Eley
Post Office Box 240909
Montgomery, Alabama 36124
(334) 262-1850


I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/EFC participant:

Emmitt Reed Jones
Geneva County Jail
Post Office Box 115
Geneva, Alabama 36340
(334) 684-5670

This the 5th day of April, 2006.


/s/ R. Todd Derrick
R. Todd Derrick

# ATTACHMENT 1
# TO DEFENDANTS' WRITTEN REPORT:

# AFFADAVIT OF TRACY WISE

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| EMMITT REED JONES, | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE NO: 1:06-CV-044-WHA |
| | ) | |
| SHERIFF GRED WARD, et al., | ) | |
|     DEFENDANTS. | ) | |

### AFFADAVIT OF TRACY WISE

Comes now the affiant, under oath, and says as follows:

1.    My name is Tracy Wise.  I am the Magistrate for the City of Samson.  I have knowledge of the matters contained herein.

2.    Neither I nor, to my knowledge, anyone associated with the City of Samson, denied medical attention to Emmitt Reed Jones while he was incarcerated as a result of being arrested by the City of Samson.

3.    Mr. Emmitt Reed Jones claims, among other things, that he was "being imprisoned 3 times on the same charge." (Ground One of Complaint)  This is not true.  Mr. Jones was convicted for the offense of possession of drug paraphernalia and for the offense of criminal trespass 3rd degree.  As a result of both of these offenses, he was ordered to pay "fines, costs and/or restitution."

4.    He failed to do this and on December 29, 2005, two Capias Warrants were issued for his arrest, and he was arrested.

5.    On January 3, 2006 an Appearance Bond was issued, and he was released.  He did not provide an address at that time.  He has not provided an address to this date.  On March 3, 2006, he failed to appear as he was ordered to do in the Appearance Bond.

---

### AFFADAVIT OF TRACY WISE
### PAGE 1

6.    The City of Samson has an agreement with Geneva County in which Samson inmates are housed in the Geneva County jail. The City of Samson pays Geneva County $10 per day per inmate.

7.    Neither I nor, to my knowledge, anyone associated with the City of Samson ever caused Mr. Jones to sleep on the floor of the Geneva County jail. (Ground Two of Complaint)  I have no knowledge of Mr. Jones' claim regarding the shower drains. Neither I nor, to my knowledge, anyone associated with the City of Samson have anything to do with the maintenance of the shower drains at the Geneva County jail.

8.    True and accurate copies of the following documents are attached to this affidavit:

A.    Capias Warrant for failure to pay associated with conviction for possession of drug paraphernalia; Case No: MC05-0000155. (Attachment A, 2 pages)

B.    Capias Warrant for failure to pay associated with conviction for criminal trespass 3rd degree; Case No: MC04-0000036. (Attachment B, 2 pages)

C.    Appearance Bond dated January 3, 2006. (Attachment C)

Further affiant sayeth not.

Dated this the 6 day of March, 2006.

_Tracy Wise_
Tracy Wise

STATE OF ALABAMA
COUNTY OF GENEVA

Sworn and subscribed before me this the 6 day of March, 2006.

_Johnnie Faye Avant_
Notary Public
My Commission Expires: 8-13-06

---

**AFFADAVIT OF TRACY WISE**
**PAGE 2**

ATTACHMENT A
TO AFFADAVIT OF TRACY WISE:

CAPIAS WARRANT FOR FAILURE TO PAY
ASSOCIATED WITH CONVICTION OF
POSSESSION OF DRUG PARAPHERNALIA

$1,000.00 Cash or Bondsman

| State of Alabama Unified Judicial System | **CAPIAS WARRANT** | Warrant Number 05-000000227 |
|---|---|---|
| Form MC-11C (front) | | Case Number MC05-0000155 |

IN THE _____**MUNICIPAL**_____ COURT OF _____**SAMSON**_____ , ALABAMA
(Circuit, District, or Municipal)                    (Name of Municipality or County)

☐ STATE OF ALABAMA    ☒ MUNICIPALITY OF _____**SAMSON**_____

v.    _____**EMMETT REID JONES**_____ , Defendant

## TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

Defendant, EMMETT REID JONES, having been convicted for the offense of POSSESSION OF DRUG PARAPHERNALIA and ordered to pay fine, costs and/or restitution to the court clerk before Fri Oct 28, 2005, 09:00 AM, or to appear in court at said time to show cause for such nonpayment, and having failed to appear before the court as ordered, YOU ARE THEREFORE, commanded forthwith to arrest said Defendant and bring him/her immediately before this court to answer for his/her noncompliance.

Witness my hand this __29__ day of __Dec__ , 20__05__.

_____
Judge/Magistrate

## APPEARANCE BOND

I/We EMMETT REID JONES, Defendant, and _____ ,
Sureties, agree to pay the City/Town of SAMSON, the sum of $1,000.00  dollars unless the said
Defendant appears on _____ , 20____ in the Municipal Court of SAMSON
and from time to time thereafter until discharged by law, to answer to the charge of
CONTEMPT OF COURT now pending against said Defendant.

We hereby waive the benfits of all laws exempting property from levy and sale under execution or other process for the collection of this debt by the Constitution or laws of the State of Alabama, and we hereby waive our right to claim exempt our wages or salary, that we have under the laws of Alabama. We hereby severally certify that we have property over and above all debts and liabilities to the amount of the above bond.

Approved this the _____ day of _____ , 20____    _____
                                                             Signature

                                                             _____
                                                             Title

The Defendant may be released on bail upon his/her entering into bond in the amount of  $1,000.00  with at least two good sureties approved in the U.S. or by the State of Alabama in the above amount with the court clerk.

_____
Judge/Magistrate

| Alabama d Judicial System orm MC-11C (back) | CAPIAS WARRANT | Warrant Number **05-000000227** Case Number **MC05-0000155** |
|---|---|---|

## CERTIFICATE OF EXECUTION

I, the undersigned law enforement officer, certify that I executed the foregoing ARREST WARRANT by arresting the accused person named (or described) therein at _1650_ o'clock ____ a.m. _✓_ p.m., on the _3_ day of _Jan_ , 20_06_, in _Coffee_ county, Alabama.

After arrest, the accused person was:

_✓_ Committed to Jail.

____ Admitted to Bail.

Remarks _____

_____

_____

_____

_Officer's Signature_

## DEFENDANT IDENTIFICATION

| JONES, EMMETT REID 307 SOUTH RIPLEY STREET SAMSON AL 36477 | Sex: M Race: BLACK DL#: | Height: 5'10" Weight: 170 SSN: 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 | Hair: BLACK Eyes: BROWN DOB: 1961-04-22 |
|---|---|---|---|

## WITNESSES

**ATTACHMENT B**
**TO AFFADAVIT OF TRACY WISE:**

**CAPIAS WARRANT FOR FAILURE TO PAY**
**ASSOCIATED WITH CONVICTION FOR**
**CRIMINAL TRESPASS 3RD DEGREE**

$ 523.00 *cash or Bondsman*

| State of Alabama<br>Unified Judicial System<br><br>Form MC-11C (front) | **CAPIAS WARRANT** | Warrant Number<br>**05-000000226**<br>Case Number<br>**MC04-0000036** |
|---|---|---|

IN THE _____ **MUNICIPAL** _____    COURT OF _____ **SAMSON** _____ , ALABAMA
(Circuit, District, or Municipal)                (Name of Municipality or County)

☐ STATE OF ALABAMA    ☒ MUNICIPALITY OF _____ **SAMSON** _____

v. _____ **EMMETT REID JONES** _____ , Defendant

## TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

Defendant, EMMETT REID JONES, having been convicted for the offense of CRIMINAL TRESPASS 3RD DEGREE and ordered to pay fine, costs and/or restitution to the court clerk before Thu Jul 08,2004, 09:00 AM, or to appear in court at said time to show cause for such nonpayment, and having failed to appear before the court as ordered, YOU ARE THEREFORE, commanded forthwith to arrest said Defendant and bring him/her immediately before this court to answer for his/her noncompliance.

Witness my hand this 29 day of Dec _____ , 20 05 _____

Judge/Magistrate

## APPEARANCE BOND

I/We EMMETT REID JONES, Defendant, and _____ ,
Sureties, agree to pay the City/Town of SAMSON, the sum of $523.00 dollars unless the said Defendant appears on _____ , 20 ____ in the Municipal Court of SAMSON and from time to time thereafter until discharged by law, to answer to the charge of CONTEMPT OF COURT now pending against said Defendant.

We hereby waive the benfits of all laws exempting property from levy and sale under execution or other process for the collection of this debt by the Constitution or laws of the State of Alabama, and we hereby waive our right to claim exempt our wages or salary, that we have under the laws of Alabama. We hereby severally certify that we have property over and above all debts and liabilities to the amount of the above bond.

Approved this the _____ day of _____ , 20 ____ _____

Signature

_____

Title

The Defendant may be released on bail upon his/her entering into bond in the amount of $523.00 with at least two good sureties approved in the U.S. or by the State of Alabama in the above amount with the court clerk.

| of Alabama<br>...ed Judicial System | **CAPIAS WARRANT** | Warrant Number<br>**05-000000226** |
| :--- | :---: | :--- |
| ...m MC-11C (back) | | Case Number<br>**MC04-0000036** |

## CERTIFICATE OF EXECUTION

I, the undersigned law enforcement officer, certify that I executed the foregoing ARREST WARRANT by arresting the accused person named (or described) therein at _1650_ o'clock ____ a.m. _✓_ p.m., on the _3_ day of _Jan_ _____, 20 _06_ , in _Genova_ county, Alabama.

After arrest, the accused person was:

_✓_ Committed to Jail.

_____ Admitted to Bail.

Remarks _____

_____

_____

_Troy Kirsey_
--------------------
Officer's Signature

## DEFENDANT IDENTIFICATION

| JONES, EMMETT REID<br>307 SOUTH RIPLEY STREET<br>SAMSON AL 36477 | Sex: M<br>Race: BLACK<br>DL#: | Height: 5'10"<br>Weight: 170<br>SSN: 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 | Hair: BLACK<br>Eyes: BROWN<br>DOB: 1961-04-22 |
| :--- | :--- | :--- | :--- |

## WITNESSES

# ATTACHMENT C
# TO AFFADAVIT OF TRACY WISE:

# APPEARANCE BOND DATED JANUARY 3, 2006

*KISHA* *034 - 9978*

| State of Alabama<br>Unified Judicial System<br><br>Form CR-11   Rev. 1/96 | **APPEARANCE BOND** | Case Number |
|---|---|---|

IN THE ___**MUNICIPAL**___ COURT OF ___**SAMSON**___ , ALABAMA
(Circuit, District, or Municipal)          (Name of Municipality or County)

☒ STATE OF ALABAMA    ☐ MUNICIPALITY OF ___**SAMSON , ALABAMA**___

v. ___**EMMETT REID JONES**___ , Defendant

I, ___**EMMETT REID JONES**___ (Defendant), as principal,

and I (we) ___**ALL WHO SIGN**___
(please print)

_____ , as surety(ies),

agree to pay the State of Alabama (Municipality of ___**SAMSON**___ ) the sum of $ **1525 00 CASH OR BONDSMAN** (for municipal courts, this sum should not exceed $1,000) and such costs as authorized by law unless I/he/she appear(s) before the above-named court **MAR 3, 06** (date) at **9:00** A.m. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from day to day of each session thereafter until defendant is discharged by law to answer to the charge of **FAILURE TO PAY** , or any other charge as authorized by law.

If the trial is moved to another county/municipality, this undertaking is for the appearance of the defendant from day to day of each session of the court to which the defendant is removed until discharged by law.

We hereby jointly and severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the Constitution and Laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemptions that we have under the Constitution of Alabama and the laws of Alabama, as set out in a separate writing.

Signed and sealed this date with notice that false statements are punishable as perjury.

| Signature of Defendant _~~Emmett~~ Jones_ (L S) | | |
|---|---|---|
| Address (Print) | State | Zip |

| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L S) |
|---|---|
| Social Security Number (Except for Agents) | Social Security Number (Except of Agents) |
| Address(Print)           State      Zip | Address(Print)           State      Zip |
| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L S) |
| Social Security Number (Except of Agents) | Social Security Number (Except of Agents) |
| Address (Print)          State      Zip | Address (Print)           State      Zip |

| **1-3-06** _____ | _[signature]_ Approved by: Judge/Magistrate/Sheriff/Law Enforcement Officer |
|---|---|
| Date | By: Deputy Sheriff/Law Enforcement Officer |

### Defendant's Information

| Date of Birth | Sex | Employer |
|---|---|---|
| Social Security Number | Race | Employer's Address |
| Driver's License Number      State | Telephone Number<br>(    ) | Employer's Telephone Number |

☐ Property Bond   ☐ Professional Surety Bond   ☐ Cash Bond   Posted by _____

COURT RECORD: Original   DEFENDANT: Copy   SURETY: Copy

# ATTACHMENT 2
# TO DEFENDANTS' WRITTEN REPORT:

# AFFADAVIT OF GARY WEEKS

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

EMMITT REED JONES,                )
    PLAINTIFF,                      )
                                )
vs.                               )      CASE NO: 1:06-CV-044-WHA
                                )
SHERIFF GRED WARD, et al.,        )
    DEFENDANTS.                     )

### AFFADAVIT OF GARY WEEKS

Comes now the affiant, under oath, and says as follows:

1.    My name is Gary Weeks. I am the Chief of Police for the City of Samson. I have knowledge of the matters contained herein.

2.    Neither I nor, to my knowledge, anyone associated with the City of Samson, denied medical attention to Emmitt Reed Jones while he was incarcerated as a result of being arrested by the City of Samson.

3.    Mr. Emmitt Reed Jones claims, among other things, that he was "being imprisoned three times on the same charge." (Ground One of Complaint) This is not true. Mr. Jones was convicted for the offense of possession of drug paraphernalia and for the offense of criminal trespass 3rd degree. As a result of both of these offenses, he was ordered to pay "fines, costs and/or restitution."

4.    He failed to do this and on December 29, 2005, two Capias Warrants were issued for his arrest, and he was arrested.

5.    On January 3, 2006 an Appearance Bond was issued, and he was released. He did not provide an address at that time. He has not provided an address to this date. On March 3, 2006, he failed to appear as he was ordered to do in the Appearance Bond.

---

6.    The City of Samson has an agreement with Geneva County in which Samson inmates are housed in the Geneva County jail.  The City of Samson pays Geneva County $10 per day per inmate.

7.    Neither I nor, to my knowledge, anyone associated with the City of Samson ever caused Mr. Jones to sleep on the floor of the Geneva County jail. (Ground Two of Complaint)  I have no knowledge of Mr. Jones' claim regarding the shower drains.  Neither I nor, to my knowledge, anyone associated with the City of Samson have anything to do with the maintenance of the shower drains at the Geneva County jail.

Further affiant sayeth not.

Dated this the ___ day of March, 2006.

_____
Gary Weeks

STATE OF ALABAMA
COUNTY OF GENEVA

Sworn and subscribed before me this the ___ day of March, 2006.

_____
Notary Public
My Commission Expires: 9-29-2009

# ATTACHMENT 3
# TO DEFENDANTS' WRITTEN REPORT:

# PHARMACY RECORDS

CITY OF SAMSON
4 E. MAIN ST.
MSON, AL 36477-

578    01/25/06



This is a statement of your account as of the date shown above. Any changes or payments made after this date will appear on next month's statement.

TACH AND ENCLOSE WITH YOUR REMITTANCE, THANK YOU.

AMOUNT $_____



| | | |
|---|---|---|
| PREVIOUS BALANCE | 37.00 | 37.00 |
| PAYMENT (CORRECTION) | | |
| CHARGE JONE | 20.00 | |
| CHARGE JONE | 95.00 | |
| CHARGE (DUES) | 36.00 | |
| CHARGE (DUES) | 12.00 | |

BALANCE DUE